# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ARTHUR GERARDO, | CASE NO. 05 CV 1099 JM (WMc) |
|---|---|
| Petitioner, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| A.K. SCRIBNER, Warden, | |
| Respondent. | |

In 2000, Petitioner, a state prisoner proceeding pro se, was convicted in San Diego Superior Court of first degree murder, manufacture of methamphetamine, and possession of methamphetamine for sale. On May 4, 2005, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Initially, the petition was filed in the United States District Court for the Central District of California, but was thereafter transferred to this court. Respondent answered on December 20, 2005. On October 25, 2006, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("R&R") recommending that the petition be denied. See Docket No. 22. Petitioner filed timely objections. For the reasons set forth below, the court wholly adopts the conclusions and findings contained in the R&R, incorporated by reference herein.

The duties of the district court in connection with a magistrate judge's R&R are provided for in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

1    Having conducted a de novo review of the papers submitted, the court finds the R&R presents a thorough and sound analysis of the issues raised by the parties. The R&R properly found that Petitioner's constitutional rights were not violated over the course of his state criminal proceedings. As the R&R carefully explains, Petitioner's Due Process argument that there was insufficient evidence to support his convictions is procedurally barred pursuant to Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (providing that a federal court will not review question of federal law decided by state court if the state court decision rests on a state law ground that is independent and adequate to support the judgment). Also, for the reasons set forth in the R&R, Petitioner's rights under the Fourteenth Amendment's Equal Protection Clause were not violated when the prosecution exercised its peremptory challenges to remove three potential jurors who were African-American.

In his objections, Petitioner repeats arguments made in his petition, arguments which the R&R addresses correctly and in full. In addition, Petitioner argues for the first time in his objections that (1) his state conviction is invalid on ineffective assistance of counsel, prosecutorial misconduct, and "trial errors and misconduct" grounds and (2) his drug convictions were supported by insufficient evidence. Since these grounds were not raised in the petition or any of the briefing, the magistrate had no occasion to consider them. Generally, the court is not required to address arguments raised for the first time in objections to a magistrate judge's report. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). Although Petitioner is a pro se litigant against whom rules of procedure are not always strictly enforced, the court finds that these the new arguments do not raise "a relatively novel claim under a relatively new statute" warranting consideration of the new arguments. See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (finding that district court abused its discretion by failing to address pro se petitioner's argument raised for first time in objections to magistrate judge's report when petitioner was "functionally illiterate" and "was making a relatively novel claim under a relatively new statute."). Moreover, even if this court were to address Petitioner's new arguments, these arguments provide no basis for modifying or rejecting the R&R, or for recommitting the matter for further proceedings. See Fed. R. Civ. P. 72(b) (requiring objecting party to make a "specific written objection" to magistrate judge's report). Finally, Petitioner's request for an evidentiary hearing is denied as moot in light of this order.

Accordingly, the court **ADOPTS** the R&R in its entirety. The petition is hereby **DENIED.**

**IT IS SO ORDERED.**

DATED: February 13, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     Magistrate Judge McCurine
        All Parties